IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

LARRY DALE JOHNSON,

        Plaintiff,

    v.

FRANK PAPAGNI, JR.,

        Defendant.

Civil No. 10-6055-TC

FINDINGS AND RECOMMENDATION

COFFIN, Magistrate Judge.

Plaintiff brings this action *pro se* alleging violations of his rights arising out of defendant's "outrageous conduct to indict me." Complaint (#2) p. 4.

Plaintiff's Application to proceed in forma pauperis (#1) is allowed. However, for the reasons set forth below, the complaint should be dismissed without service of process on the grounds that it is frivolous and fails to state a claim upon which relief can be granted.

1 - ORDER TO PROCEED IN FORMA PAUPERIS AND RECOMMENDATION TO DISMISS

**STANDARDS**

A complaint filed *in forma pauperis* may be dismissed before service of process if it is deemed frivolous under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989); Jackson v. State of Ariz., 885 F.2d 639, 640 (9th Cir. 1989). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 325; Lopez v. Dept. of Health Services, 939 F.2d 881, 882 (9th Cir. 1991); Jackson, 885 F.2d at 640.

In determining whether a civil rights complaint is frivolous under § 1915(d), this court is mindful of the requirement to liberally construe the allegations of a *pro se* plaintiff and to afford the plaintiff the benefit of any doubt. Lopez, 939 F.2d at 883.

**DISCUSSION**

Prosecutors are absolutely immune from liability for their prosecutorial functions. Imbler v. Pachtman, 424 U.S. 409, 430 (1976); Babcock v. Tyler, 884 F.2d 497, 501 (9th Cir. 1989). Plaintiff's claim arises out of Mr. Papagni's allegedly "outrageous conduct to indict [plaintiff]". Therefore, plaintiff's allegations relate to Mr. Papagni's conduct in his capacity as a Assistant United States Attorney for the District of Oregon and Mr. Papagni is absolutely immune from liability to plaintiff.

This court find that regardless of how liberally the plaintiff's complaint is construed, the allegations fail to state a claim against the defendant.

2 - ORDER TO PROCEED IN FORMA PAUPERIS AND RECOMMENDATION TO DISMISS

## CONCLUSION

Based on the foregoing, plaintiff's complaint should be dismissed. Because it is apparent that the deficiencies of these claims cannot be cured by amendment, the dismissal should be with prejudice.[1]

DATED this 12th day of March, 2010.

Thomas M. Coffin
United States Magistrate Judge

---

[1] Dismissal with prejudice refers to plaintiff's ability to file another *in forma pauperis* action raising the same claim. See Denton v. Hernandez, 504 U.S. 25, 34 (1992).

3 - ORDER TO PROCEED IN FORMA PAUPERIS AND RECOMMENDATION TO DISMISS